IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.   No. 22-cv-699-RB-GJF

RONALD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

**ORDER TO CURE DEFICIENCY AND DENYING PENDING MOTIONS**

This matter is before the Court on Petitioner Bryce Franklin's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. 1).   Before the Court will review the merits of the Petition, Petitioner must address the filing fee required in a habeas action. He shall have thirty days within which to do so.

Also before the Court are Franklin's motions to appoint counsel, to conduct discovery, and to compel legal access.   (Docs. 2, 3, 4). The motions shall be denied for the reasons set forth below.

1. Petitioner Must Address the Filing Fee.

To prosecute this case, Plaintiff must prepay the $5.00 filing fee, or alternatively, file a motion to proceed *in forma pauperis* on the form mailed to him by the Clerk's office on January 18, 2023, within thirty (30) days of entry of this Order.   *See* 28 U.S.C. § 1915(a)(2). Any *in forma pauperis* motion must attach an inmate account statement reflecting transactions between March 22, 2022 and September 22, 2022.   All filings must include the case number (22-cv-699-RB-GJF). The failure to timely prepay the filing fee or file an *in forma pauperis* motion that includes an

inmate account statement will result in dismissal of this case without further notice.

   2.   <u>The Motion to Appoint Counsel Shall be Denied</u>.

"There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Whether to appoint counsel in a § 2254 proceeding is a matter within the court's discretion. *Swazo*, 23 F.3d at 333. In making this determination, the Court considers the merits of the petitioner's claims, the nature and complexity of the factual and legal issues, and the petitioner's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Considering these factors in the context of the present case, the Court will not request a local attorney to represent Petitioner on a *pro bono* basis. The Court has reviewed the Petition and Petitioner's claims do not present particularly complex legal or factual issues. Petitioner appears to have an adequate understanding of the issues and to be representing his interests in a capable manner. The Court will therefore deny the Motion to Appoint Counsel.

   3.   <u>The Motion to Conduct Discovery is Premature and Shall be Denied</u>.

Assuming Petitioner timely addresses the filing fee, the Court will screen the Petition pursuant to Habeas Corpus Rule 4. If the Petition survives screening, the Court will order the Attorney General to answer the Petition and to file relevant documents from the state court proceedings. Petitioner will then be permitted to file a response. Thereafter, the Court may authorize discovery if the requesting party shows good cause and provides specific reasons supporting the request. *See* Habeas Corpus Rule 6. At this stage of the proceedings, however, Petitioner's request for discovery is premature. The Motion to Conduct Discovery shall therefore

be denied without prejudice.

    4.  <u>The Motion to Compel Legal Access is Premature and Not Well Founded</u>.

For the reasons set forth above regarding the Motion to Conduct Discovery, Petitioner's Motion to Compel Legal Access also is premature. To the extent Petitioner implies that inadequate access to the law library adversely affects his ability to prepare his arguments in this case, the Court notes that the Petition pending before the Court contains adequate information to facilitate the Court's screening process. If the Petition survives screening, the Court may consider whether and to what extent it is necessary to expand the record under Habeas Rule 7, or to otherwise direct Respondents to provide adequate access to materials needed for Petitioner to prosecute his habeas claims. For these reasons, the Motion to Compel Legal Access shall be denied without prejudice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Plaintiff must prepay the $5.00 filing fee, or alternatively, file a motion to proceed *in forma pauperis* along with an account statement reflecting transactions between March 22, 2022 and September 22, 2022.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel **(Doc. 2)**; the Motion to Conduct Discovery **(Doc. 3)**; and the Motion to Compel Legal Access **(Doc. 4)** are **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

3