IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.   No. 22-cv-699-RB-GJF

RONALD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Bryce Franklin's 28 U.S.C. § 2254 habeas petition (Doc. 1) (Petition). Also before the Court are his motions to appoint counsel, to conduct discovery, and to compel legal access. (Docs. 2, 3, 4). Franklin challenges his 2015 state convictions for first-degree murder, tampering with evidence, conspiracy to tamper with evidence, and unlawful use or theft of an ATM or debit card based, inter alia, on prosecutorial misconduct, ineffective assistance of counsel, and newly discovered evidence. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Franklin to show cause why his Petition should not be dismissed as untimely.

### I. Procedural Background[1]

In 2015, a jury convicted Franklin of first-degree murder, tampering with evidence, conspiracy to tamper with evidence, and unlawful use of ATM card. *See* Case no. D-1333-CR-2012-

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Franklin's state court criminal dockets, Case No. D-1333-CR-2012-00184 and S-1-SC-35577 as well as Case No. S-1-SC-38726. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

00184, Judgment (8/24/2015). The state court sentenced him to life imprisonment followed by 7 1/2 years. *Id.* The Judgment was entered on August 24, 2015. *Id.* Franklin filed a direct appeal to the New Mexico Supreme Court, which affirmed the conviction on October 19, 2017. *See* Case no. S-1-SC-35577. Franklin did not file a petition for a writ of certiorari in the United States Supreme Court. The Judgment therefore became final no later than January 18, 2018, the first business day following the expiration of the 90-day limit for filing a petition for a writ of certiorari. *See Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) ("[F]or § 2254's purposes, a judgment becomes final when the time expires for filing a petition for certiorari with the U.S. Supreme Court."); *see also* Sup. Ct. R. 13(1) (setting ninety-day limit for filing a petition for a writ of certiorari). Pursuant to 28 U.S.C. § 2244(d)(1)(A), Franklin had one year from the date the Judgment became final, *i.e.*, until January 18, 2019, to file a § 2244 petition for relief.

On November 2, 2018—*i.e.*, 288 days after the judgment became final, Franklin filed two motions in the state court—one seeking a new trial based on newly discovered evidence and another requesting discovery. *See* Case no. D-1333-CR-2012-00184. The state court denied the motions on August 20, 2019. *Id.* And, on December 20, 2019, it denied Franklin's motion (filed October 17, 2019) seeking reconsideration. *Id.* Franklin did not file an appeal within thirty days; therefore, the state corut's ruling became final on January 21, 2020.

In Civ. No. 20-cv-358-JB-JFR, this Court found that Franklin's November 2, 2018, state court motions did not stop the one-year clock under 28 U.S.C. § 2244. The Court reasoned:

> [T]he state docket reflects the one-year period began to run on January 18, 2018, when the criminal judgment became final. *See Rhine*, 182 F.3d at 1155. Two hundred and eighty-eight (288) days elapsed before Franklin filed two state motions on November 2, 2018. Franklin moved for a new trial based on newly discovered evidence pursuant to NMRA 5-614 and requested discovery (phone records and contact information of a third party). *See* MTN: Motions in D-1333-

2

> CR-2012-184. However, those motions did not stop the one-year clock under 28 U.S.C. § 2244(d)(2), as Franklin may believe. The Tenth Circuit has repeatedly found that a state motion seeking discovery does not trigger tolling for purposes of federal habeas review. *See Woodward v. Cline*, 693 F.3d 1289, 1292–1294 (10th Cir. 2012) (addressing motion seeking DNA discovery); *Levering v. Dowling*, 721 Fed. App'x 783, 787 (10th Cir. 2018) (motion for transcripts and exhibits); *Mason v. Watts*, 590 Fed. App'x 767, 769 (10th Cir. 2014) (motion seeking court documents).
>
> As to the motion for a new trial, § 2244(d)(2) only tolls the one-year period during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, including timeliness." *Garza v. Wyoming State Penitentiary Warden*, 528 Fed. App'x 910, 912 (10th Cir. 2013) (emphasis in original) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). *See also Habteselassie v. Novak,* 209 F.3d 1208, 1211 (10th Cir. 2000) ("We believe that 'a properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.... [Federal] district courts should not inquire into its merits.").
>
> NMRA 5-614(C) provides that a motion for new trial based on newly discovered evidence must be "made only before final judgment, or within two (2) years thereafter, but if an appeal is pending the court may grant the motion only on remand of the case." New Mexico case law confirms that the two-year period runs from the date of entry of the criminal judgment. *See State v. Aguilar*, 451 P.3d 550, 555 (N.M. 2019) ("[A motion for new trial based on newly discovered evidence … may be filed within two years after the trial under Rule 5-614(C)"); *State v. Moreland*, 157 P.3d 728, 732 (N.M. App.), *aff'd,* 185 P.3d 363 (N.M. 2008) (for purposes of Rule 5-614(C), final judgment means the date the sentence is imposed, rather than the date of the verdict); *State v. Casillas*, 2011 WL 5041190, at *1 (N.M. Ct. App. July 6, 2011) (rejecting "argument that the [newly discovered] evidence was not discoverable within two years of the judgment"). The state court entered Franklin's criminal judgment on August 24, 2015, and he filed the Rule 5-614(C) motion for a new trial over three years later, on November 2, 2018. Accordingly, such motion was not "properly filed" for purposes of § 2244(d)(2) and did not toll the one-year federal habeas period.

Civ. No. 20-cv-358-JB-JFR (Doc. 5 at 4-6). Based on this analysis, which is is adopted in the present case, it is established that November 2, 2018, motions had no tolling effect, and the one-

year limitation period expired on January 18, 2019.[2]

On April 20, 2020, Franklin filed a Motion for Tolling on Habeas Claims in this Court, seeking to challenge his state murder conviction and asking the Court to toll the one-year habeas limitation period set forth in 28 U.S.C. § 2254. *See* Civ. No. 20-358-JB-JFR (Doc. 1). The Court filed a Memorandum Opinion and Order on September 20, 2020, showing that Franklin's § 2254 claims appeared time barred for multiple reasons, and allowing him to dismiss the action without prejudice or proceed by filing a habeas petition that addressed the time bar. *Id.* When Franklin did not timely respond, the Court dismissed the matter without prejudice. *Id.* (Doc. 6).

While his habeas-related motion was pending in this Court, Franklin filed a state habeas petition on October 6, 2020. *See* Case no. D-1333-CR-2012-00184, Petition for Writ of Habeas Corpus (10/6/2020). The state trial court denied the petition on February 4, 2021. *See Id.* Procedural Order on Petition for Writ of Habeas Corpus (2/4/2021). Thereafter, Franklin continued to pursue relief in the state court by filing, *inter alia*:

- A motion to reconsider the denial of his habeas petition. Case no. D-1333-CR-2012-00184 (3/12/2021 Motion).

- A petition for a peremptory writ of mandamus in the state supreme court seeking an order forcing the presiding state court judge's recusal. Case No. S-1-SC-38726 (3/15/2021 Petition).

- And a second petition for a writ of habeas corpus. Case no. D-1333-CR-2012-00184 (8/14/2023 Habeas Corpus Petition).[3]

---

[2] As discussed in detail below, even if the November 2, 2018, motions had a tolling effect, the Petition would nevertheless be untimely.

[3] As of October 26, 2023, the second habeas corpus petition remains pending.

Franklin filed the present Petition on September 22, 2022. (Doc. 1). As grounds for his Petition, he cites: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) newly discovered evidence; and (4) insufficient evidence to support his convictions. (Doc. 1). In three procedural motions, he also seeks the appointment of counsel (Doc. 2); leave to conduct discovery (Doc. 3); and an order compelling prison officials to provide him access to the law library (Doc. 4). Franklin paid the $5 filing fee, and the matter is ready for initial review.

## II. Procedural Motions

As to the Motion to Appoint Counsel (Doc. 2), there is no constitutional right to such relief in a habeas proceeding. *See Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Relevant factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The Petition raises standard § 2254 claims and Franklin has demonstrated an aptitude for representing himself in this and other proceedings in this Court. The Motion Appoint Counsel (Doc. 2) will therefore be denied without prejudice.

As to the Motion for Leave to Conduct Discovery (Doc. 3), it is premature to consider whether good cause exists to authorize Franklin to conduct discovery. *See generally* Habeas Rule 6 (governing discovery in habeas proceedings). At this stage of the proceedings, the Petition is subject to preliminary review under Habeas Corpus Rule 4. "If it plainly appears from the petition . . . that [Franklin] is not entitled to relief" the Petition will be dismissed. Habeas Corpus Rule 4.

"If the petition is not dismissed, the [Court will] order the respondent to file an answer. *Id.* If the Petition survives screening, the Court may consider anew whether to allow discovery after the Attorney General files an answer. The Motion for Leave to Conduct Discovery (Doc. 3) shall therefore be denied without prejudice.

As to the Motion to Compel Legal Access, the relief requested is similarly premature. Franklin asserts that he is being deprived access to materials that would be relevant to the merits of his Petition. He has not demonstrated that his present lack of access to the materials has impeded his ability to file an adequate petition or to address and, in fact, he has filed one. As it appears that Franklin's Petition is time barred, the Court is not persuaded that at this stage of the proceedings, it is necessary to address issues concerning his lack of access to legal materials relevant to its merits. If the Petition is not dismissed, and the Attorney General is required to file an answer, Franklin's access to requisite legal materials may be considered at that later stage. The Motion to Compel Legal Access shall be denied without prejudice as premature.

### III. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). Where, as here, the petitioner did not pursue a direct appeal of the challenged judgment, it becomes final "when the time for seeking such review expires." *Locke*, 237 F.3d at 1273. The one-year limitation period can be extended:

(1)   While a state habeas petition is pending, § 2244(d)(2);

(2)   Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

6

(3)  Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)  Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the limitation period began to run no later than January 18, 2018, the first business day following the expiration of the 90-day limit for filing a petition for a writ of certiorari. *Mitchell*, 672 F. App'x at 794. It expired on January 18, 2019. The state court habeas petition Franklin filed *after* that (on October 6, 2020), did not - as Franklin may believe - restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott,* 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period"). The same is true of Franklin's subsequent state court activity. Accordingly, the § 2254 Petition filed on September 22, 2022, appears to be time-barred.

Even if it were otherwise, and the two state motions filed November 2, 2018 could be construed as tolling the one-year period, Franklin's § 2254 claims would nevertheless be time-barred. As noted above, 288 days out of the 365-day habeas limitation period elapsed before Franklin filed those motions. The state court denied all relief and requests to reconsider on

December 20, 2019. Franklin did not initially appeal that ruling, and his later, untimely appeal has no effect on the federal limitation period. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("The state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending"). Accordingly, under this alternative timeline, the clock was stopped until the 30-day appeal period expired in connection with the dismissal order (*i.e.,* January 20, 2020). *Id.* (The federal habeas limitations period is tolled through the expiration of the state appeal period). "The next day [January 21, 2020] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [here, 77 days][4] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations in habeas proceedings). The state court docket reflects there was no additional tolling motions during the next 77 days. Therefore, even assuming the November 2, 2018, motions stopped the clock, the one-year limitation period would have expired on April 7, 2020. Franklin filed the present Petition 898 days later, on September 2022, 2022.

For these reasons, Franklin must show cause in writing why the Petition is not time-barred. The failure to timely respond and overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside."). If Petitioner objects to the timeline of events, which was reconstructed from the state court filings, his show cause response must specify what portions of the timeline his

---

[4] The Court arrived at this figure by subtracting the number of days that initially elapsed (288) from the one-year period (*i.e.,* 365 days in a year - 288 days = 77 remaining days).

objections relate to and state the basis of his objection.

**IT IS ORDERED** that:

(1) Franklin's Motion to Appoint Counsel **(Doc. 2)** is **DENIED** without prejudice.

(2) Franklin's Motion for Leave to Conduct Discovery (**Doc. 3**) is **DENIED** without prejudice.

(3) Franklin's Motion for Leave to Compel Legal Access **(Doc. 4)** is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Franklin must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE