IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

vs.                                          No. 2:22-cv-0699 RB/GJF

RONALD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO STAY AND EXTEND

THIS MATTER is before the Court on Petitioner's Motion for a Temporary Stay and Extension to File Objections. (Doc. 52.) Petitioner states that on February 14, 2025, prison officials confiscated a storage tote that held paperwork relevant to this lawsuit. (*See id.* at 1.) Petitioner requests a temporary stay and an extension of time to object to the Proposed Findings and Recommended Disposition (PFRD) while he awaits the return of his legal paperwork. (*See id.* at 2.)

Respondents oppose the motion and argue that the PFRD "cautioned that '[a]ny request for an extension [to file objections] *must* be filed in writing no later than seven days from the date of [the PFRD].'" (Doc. 53 at 2 (quoting Doc. 48 at 54).) Because United States Magistrate Judge Gregory Fouratt filed the PFRD on February 11, 2025, Franklin had until February 18, 2025 to request an extension. Franklin's request is dated February 20, 2025, making his request untimely. The Court will deny the motion on that basis.

Had Judge Fouratt not included verbiage requiring motions to extend within seven days, the Court would still deny the request to extend as untimely. Franklin's objections to the PFRD

were due on February 25, 2025. (*See* Doc. 48 at 54.) Franklin dates his motion "2/20/2025,"[1] but the Court did not receive it until March 12, 2025. (*See* Doc. 52 at 2.) Given the untimely receipt under the 14-day objection period, Franklin's motion "is untimely unless it was mailed in compliance with the prison mailbox rule." *See Wright v. Bowen*, No. 17-CV-0953-KWR-LF, 2020 WL 4784811, at *1 (D.N.M. Aug. 18, 2020). "To obtain the benefit of the prison mailbox rule, the prisoner mandatorily must comply with the requirements of the rule." *Id.* (citing *United States v. Smith*, 182 F.3d 733, 734 n. 1 (10th Cir. 1999)). Under the rule, "a *pro se* prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Id.* (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c)(1); *Price v. Philpot*, 420 F.3d 1158, 1163–66 (10th Cir. 2005)). In other words, Franklin's motion, which he alleges was placed in the prison's internal mail system on February 20, 2025, would be treated as having been filed on that date **if** he complied with the prison mailbox rule. *See id.* (citing *Houston*, 487 U.S. at 276). But "to obtain the benefit of the rule, the inmate mandatorily must attest that such a timely filing was made." *Id.* (citing *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004)).

Franklin may establish compliance with the prison mailbox rule in two ways. First, if his facility's legal mail system records the submission dates of legal mail, "the prisoner must use it as the means of proving compliance with the mailbox rule." *See id.* (citing *Ceballos-Martinez*, 387 F.3d at 1144; *United States v. Leonard*, 937 F.2d 494, 495 (10th Cir. 1991)). Franklin does not

---

[1] Franklin has several other cases pending in this district, and the Court examined documents he filed after February 14, 2025, the date on which he alleges that prison officials confiscated his legal paperwork. The Court is skeptical that Franklin mailed his motion here on February 20, 2025, given that the Court did not receive it until March 12, 2025, **twenty** days later and well past the time his other filings were received that he mailed in a similar timeframe. *See, e.g.*, *Franklin v. Anaya*, 19-cv-0899 SMD/GBW, Doc. 102 (dated Feb. 15, 2025, received **twelve** days later on Feb. 27, 2025); *Franklin v. Jackson*, 23-cv-0902 WJ/GBW, Doc. 17 (dated Feb. 16, 2025, received **five** days later on Feb. 21, 2025); *Franklin v. Martinez*, 23-cv-0799 DHU/KRS, Doc. 7 (dated Mar. 7, 2025, received **five** days later on Mar. 12, 2025).

include such proof with his motion. (*See* Doc. 52.) Alternatively, in the absence of such proof, the prisoner is mandated "to 'submit a declaration that meets the requirements of 28 U.S.C. § 1746 or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid.'" *Wright*, 2020 WL 4784711, at *1 (quoting *Ceballos-Martinez*, 387 F.3d at 1145) (citing *United States v. Smith*, 182 F.3d 733, 735 n.1 (10th Cir. 1999)). Here, Franklin fails to indicate whether he placed his motion in the institutional mailing system or handed it to prison authorities, nor does he attest that first-class postage was pre-paid. (*See* Doc. 52.) As a result, Franklin's "filing does not comply with the requirements necessary to invoke the benefit of the prison mailbox rule[,]"[2] and the Court denies the motion on that basis as well. *See Wright*, 2020 WL 4784811, at *2 (citations omitted).

Finally, to the extent that Franklin's motion could be construed as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e), the Court would deny it. "[A] motion to reconsider filed within ten days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citation omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted). As Respondents note, "[n]othing in the comprehensive record in this case[] even remotely hints at a reason this Court should alter, amend,

---

[2] As Respondents point out, Franklin is a frequent litigator who has shown in other filings that he is aware of the prison mailbox rule's requirements. (*See* Doc. 53 at 4 (citing *Franklin v. Att'y Gen. for the State of N.M.*, 22-cv-0427 MLG/GJF, Doc. 38 at 13 (Mar. 6, 2025)).)

or otherwise disturb the final judgment." (Doc. 53 at 5 (citing Doc. 48 at 1 n.2).)

This is Franklin's second § 2254 petition. *See Franklin v. New Mexico*, 20-cv-0358. In the first, Franklin sought to toll the one-year habeas limitation. *See id.*, Doc. 6 at 9 (Oct. 28, 2020). The Court "warned Franklin that it appear[ed] any § 2254 claims [were] time-barred." *Id.* (citing 20-cv-0358, Doc. 5 at 1–7). When Franklin failed to respond, the Court dismissed the petition without prejudice. *See id.* The Court has now reviewed Franklin's current petition, found it was not subject to tolling, and denied it on the merits. (*See* Docs. 48 at 12–53; 50.) Franklin fails to establish there has been an intervening change in the law, new evidence, clear error, or manifest injustice, and thus he fails to establish that the Court should reconsider the judgment entered in this case. *See Servants of Paraclete*, 204 F.3d at 1012.

IT IS THEREFORE ORDERED that Petitioner's Motion for a Temporary Stay and Extension to File Objections (Doc. 52) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE