IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.      No. 2:22-cv-0699 RB/GJF

RONALD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Franklin's Second Motion for Reconsideration (Doc. 59), Renewed Motion for Appointment of Counsel (Doc. 62), and Renewed Motion for Legal Accommodations (Doc. 63). Having considered the parties' arguments and the relevant authority, the Court will **DENY** the motions.

**I.  The Court denies Franklin's Second Motion to Reconsider.**

    **A.  Relevant Background**

"In 2015, a jury convicted Franklin of first-degree murder, tampering with evidence, conspiracy to tamper with evidence, and unlawful use of ATM card." (*See* Doc. 12 at 1–2 (citing *New Mexico v. Franklin*, D-1333-CR-2012-00184, Judgment (N.M. 13th Jud. Dist. Ct. Aug. 24, 2015)).) The state court sentenced Franklin to life in prison followed by 7.5 years. (*See id.* at 2 (citation omitted).) The New Mexico Supreme Court affirmed Franklin's convictions on direct appeal. (*See id.* (citing *New Mexico v. Franklin*, S-1-SC-35577, 2017 WL 4683897 (N.M. Oct. 19, 2017)).) Franklin did not seek review from the United States Supreme Court; therefore, the Judgment became final no later than January 18, 2018. (*See id.* (citing *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016); Sup. Ct. R. 13(1)).)

Under 28 U.S.C. § 2244(d)(1)(A), "Franklin had one year from the date the Judgment became final, *i.e.*, until January 18, 2019, to file" an application for a writ of habeas corpus. (*See id.*) He did not do so. Instead, on November 2, 2018, he "filed two motions in the state court—one seeking a new trial based on newly discovered evidence an another requesting discovery." (*Id.* (citing *Franklin*, D-1333-CR-2012-00184 Docket).) The state court denied both motions on August 20, 2019, and it denied Franklin's motion to reconsider on December 20, 2019. (*See id.* (citing *Franklin*, D-1333-CR-2012-00184 Docket).) "Franklin did not file an appeal within thirty days; therefore, the state court's ruling became final on January 21, 2020." (*See id.*)

"On April 20, 2020, Franklin filed a Motion for Tolling on Habeas Claims in this Court, seeking to challenge his state murder conviction and asking the Court to toll the one-year habeas limitation period set forth in 28 U.S.C. § 2254." (*Id.* at 4 (citing *Franklin v. New Mexico*, No. 1:20-cv-0358 JB/JFR, Doc. 1 (D.N.M. Apr. 20, 2020)).) The Court found that his "§ 2254 claims appear[] time barred for multiple reasons . . . ." (*Id.* (citing *Franklin*, No. 1:20-cv-0358 JB/JFR, Doc. 5 (D.N.M. Sept. 20, 2020)).) Relevant here, the Court found that neither of Franklin's November 2, 2018 state court motions stopped § 2244(d)'s one-year clock. (*See id.* at 2–3 (citing *Franklin*, No. 1:20-cv-0358 JB/JFR, Doc. 5, at *4–6).) *See also Franklin v. New Mexico*, No. 1:20-cv-0358 JB/JFR, 2020 WL 6315295, at *2–3 (D.N.M. Oct. 28, 2020) (concluding that neither the motion for discovery nor the motion for new trial tolled the one-year habeas limitation period and dismissing the lawsuit). The Court has adopted this analysis for purposes of Franklin's current lawsuit. (*See* Doc. 12 at 3.)

On October 6, 2020, Franklin filed a state habeas petition, which the state court dismissed with prejudice on February 4, 2021. (*See id.* at 4 (citing *Franklin*, D-1333-CR-2012-00184 Docket).) Franklin then filed a motion to reconsider and a second habeas petition, as well as a

petition for a peremptory writ of mandamus in the state supreme court. (*See id.* (citing *Franklin*, D-1333-CR-2012-00184 Docket; *Franklin v. Eichwald*, S-1-SC-38726 (N.M.S.C. Mar. 15, 2021)).) All requested relief has been denied. *See Franklin*, D-1333-CR-2012-00184, Order Closing Case (Nov. 14, 2023); *Franklin*, S-1-SC-38726, Order Denying Petition (April 27, 2021).

Undaunted, Franklin filed the current § 2254 Petition on September 22, 2022. (Doc. 1.) He challenges his 2015 convictions due to allegations of prosecutorial misconduct, ineffective assistance of counsel, newly discovered evidence, and insufficient evidence. (*See* Doc. 48 at 12 (citing Doc. 1 at 17–22).) Shortly after filing his Petition, Franklin filed motions to appoint counsel (Doc. 2), for leave to conduct discovery (Doc. 3), and to compel access to his legal documents, which he alleges prison officials have unlawfully restricted (Doc. 4). On November 19, 2023, Judge Fouratt ordered Franklin to show cause why his Petition should not be dismissed as untimely. (Doc. 12.) The same order denied Franklin's motion to appoint counsel because "Franklin has demonstrated an aptitude for representing himself in this and other proceedings in this Court" (*see id.* at 5); denied the motion for leave to conduct discovery as premature (*id.*); and denied the motion to compel legal access because Franklin "has not demonstrated that his present lack of access to the materials has impeded his ability to file an adequate petition" (*id.* at 6).

Franklin responded by filing a Motion to Reconsider and a Motion for Limited Appointment of Counsel. (Docs. 13; 15.) He stated "that he wishes to develop an actual innocence claim" to toll the one-year limitation period. (Doc. 17 at 1; *see also* Docs. 13 at 1; 48 at 28.) He explained that "the evidence supporting the [actual innocence] claim is under prison officials' exclusive control, and the officials are withholding access to it." (*See* Doc. 17 at 1 (citing Doc. 13).) He also asserted that he needed counsel to seek an affidavit from a witness who is on probation. (*See id.* at 1–2 (citing Doc. 15).) The Court ordered Respondent Attorney General of

3

the State of New Mexico (AG) to "file a limited answer addressing the timeliness of the Petition and the issues raised in the" motions to reconsider and for limited appointment of counsel. (*See id.* at 2.) The Court ordered the AG to specifically "address the issue of [Franklin's] denied access to the evidence in possession of prison officials and whether [it] is relevant to an actual innocence claim[,]" as well as "whether the alleged prohibition against [Franklin] communicating with [the witness] affects his ability to pursue a viable actual innocence claim." (*See id.*)

Respondents timely responded, addressed Franklin's newly discovered evidence, and argued that Franklin can establish neither a credible claim of actual innocence nor an entitlement to equitable tolling. (*See* Doc. 24 at 1–2, 8–10, 19–26.) Franklin filed a reply brief. (*See* Doc. 26.) In a May 8, 2024 Order, Judge Fouratt denied Franklin's motions for legal access and discovery and for limited appointment of counsel. (*See* Doc. 28.) Judge Fouratt noted that Franklin need not *possess* evidence in support of an actual innocence claim at the pleading stage; rather, he "need only plead facts showing the *existence* of new reliable evidence satisfying the [relevant standards]." (*Id.* at 3 (emphasis added).) The Order gave Franklin another opportunity to address the timeliness issues surrounding his § 2254 Petition. (*Id.* at 4.) Franklin sought an indefinite stay pending the return of his legal material or, alternatively, an order that prison officials return his legal documents. (*See* Doc. 29.) The Court extended Franklin's deadline to respond but otherwise denied his motion. (*See* Doc. 31.)

Franklin then filed a response and affidavit relevant to the timeliness issue. (Docs. 32–33.) He argued: (1) his November 2, 2018 state motion for new trial "should be construed as a state court habeas petition filed within the one-year limitation period"; (2) tolling is warranted "because the state prevented him from filing a habeas petition . . . by failing to turn over evidence and failing to provide constitutionally adequate law libraries"; and (3) that equitable tolling is warranted due

4

to inadequate law libraries in the state correctional facilities. (*See* Doc. 48 at 10–11 (citing Doc. 32 at 2–3, 11–18).) Judge Fouratt considered Franklin's response and ordered the AG to "answer the Petition and address the issues raised in the Response and Affidavit . . . ." (Doc. 36 at 2.) The Order specified that the AG must attach "copies of all pertinent filings from the state trial court, the state court of appeals, and the state supreme court, including memoranda filed by both parties[,]" as well as "copies of all state post-conviction or appellate proceedings and any transcripts that are needed to resolve the claims." (*See id.*)

Respondents answered and attached 765 pages of exhibits. (*See* Doc. 42.) Franklin filed a renewed motion for counsel (Doc. 38), a motion for a temporary stay (Doc. 43), and a motion to enforce the Court's July 2, 2024 order, in which he asked the Court to order certain transcripts, police interviews, exhibits, and recordings (Doc. 44). Franklin also filed a reply brief. (Doc. 47.) On February 11, 2025, Judge Fouratt filed the Proposed Findings and Recommended Disposition (PFRD) recommending that Franklin's Petition be denied with prejudice as both untimely and meritless. (Doc. 48.) He also recommended denying as moot the renewed motion for counsel, the motion for a temporary stay, and the motion to enforce. (*See id.* at 53–54.) The PFRD notified the parties of the 14-day time limit in which to file objections. (*Id.* at 43.) One month later, on March 11, 2025, having received no objections to the PFRD, the Court found that appellate review was waived, adopted the PFRD, and dismissed the Petition. (*See* Doc. 50.)

The following day, the Court received Franklin's motion to extend the time to file objections and for a temporary stay pending the return of his legal documents. (Doc. 52.) Respondents opposed the motion, and the Court, before the time to file a reply brief expired, denied the motion in relevant part because Franklin failed to comply with the prison mailbox rule. (*See* Docs. 53–54.)

On March 27, 2025, Franklin asked the Court to reconsider its order adopting the PFRD. (Doc. 55.) Franklin alleged that he did not receive the February 11, 2025 PFRD until February 19, 2025. (*See id.* at 2.) He argued that it was manifestly unjust to adopt the PFRD without giving him more time to object and without ordering prison officials to return his legal documents so that he could better brief the merits of his claims. (*See id.* at 2–3.) He also argued—erroneously—that the Court's statement that he failed to file objections was incorrect. (*See id.* at 2.) Again, the Court denied the motion after considering the motion and response briefs, but before Franklin replied. (*See* Docs. 56–57.)

In his most recent motion to reconsider, brought under Federal Rules of Civil Procedure 59(e) and 60(b)(1) and (6), Franklin asks the Court again to reconsider its Order Adopting the PFRD and to stay this matter indefinitely until prison officials return his legal paperwork. (*See* Doc. 59.) Franklin contends that the Court "misapprehended the facts" by ruling on his motions before considering his reply briefs, by adopting the PFRD without giving him more time to respond, and by declining to order prison officials to return his legal materials. (*See id.*) He also moves for counsel based on "his inability to assert his claims due to inaccessibility of his legal material" and asks the Court to order prison officials to allow him to purchase a laptop on which to store and access legal material. (*See* Docs. 62–63.) Respondents oppose all motions. (*See* Docs. 61; 64–65.)

B.  **Legal Standard for Motions to Reconsider**

Motions to reconsider filed within 28 days of judgment are analyzed under Federal Rule of Civil Procedure 59(e). *See Anderson Living Tr. v. WPX Energy Prod.*, LLC, 312 F.R.D. 620, 642 (D.N.M. 2015) (citing *Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new

6

evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted). A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted).

Motions to reconsider filed more than 28 days after judgment are analyzed under Rule 60(b). *Anderson*, 312 F.R.D. at 642 (citing *Price*, 420 F.3d at 1167 & n.9). "Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a judgment or order for" a variety of reasons. *See Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 668 (D.N.M. 2017)). The reasons include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

**C.  Franklin fails to show an entitlement to relief.**

Franklin argues that the Court has misapprehended the facts because it adopted the PFRD without considering his objections and denied his motions to stay (Doc. 52) and to reconsider (Doc. 55) without awaiting a reply brief (*see* Docs. 54; 57–58). He is mistaken.

7

To begin, Franklin cannot show that the Court committed legal error by ruling on his motions before receiving his reply briefs, because the Court did not need to wait for his replies. *See, e.g.*, *Scott v. Dona Ana Cnty. Comm'rs*, No. 09-cv-0797 JB/GBW, 2012 WL 1132464, at *13 (D.N.M. Mar. 28, 2012), *aff'd in part, appeal dismissed in part sub nom. Scott v. Rubio*, 516 F. App'x 718 (10th Cir. 2013). Moreover, as explained below, neither the motion to stay (Doc. 52) nor the reply brief (Doc. 58) would have moved the needle in this case; consequently, Franklin has not demonstrated prejudice.

Franklin complains that the Court adopted the PFRD without addressing the motion to stay and extend. (*See* Doc. 59 at 2 (citing Docs. 50; 52).) Of course, the Court had no opportunity to address that motion to stay when it ruled on the PFRD, because that motion was filed *after* the Court adopted the PFRD. (*See* Docs. 48 (PFRD filed Feb. 11, 2025); 50 (Order Adopting PFRD filed Mar. 11, 2025); 52 (Mot. to Stay filed Mar. 12, 2025).) As the Court explained when it denied the motion to stay, the PFRD gave Franklin two weeks to object, and the Court waited four weeks before adopting it. (Doc. 54 at 1–2.) And even if Franklin accurately dated his motion February 20, 2025, which the Court doubts (*see id.* at 2 n.1), he failed to comply with the prison mailbox rule because he did not submit a declaration or notarized statement as to when he submitted the motion to prison authorities or that postage was prepaid (*see id.* at 3 (citations omitted).)

Franklin now contends that the Court made this ruling without full information, because he argued in his April 14, 2025 reply brief—filed after the Court denied his motion to stay—that he did indeed "enclose a certificate of service [that] was either lost or not filed." (*See* Docs. 58 at 1 (citing Doc. 58-A); 59 at 11.) Franklin's assertion that this certificate (but not the accompanying brief) was somehow lost strains credulity, and the Court would not have credited it. He also summarily argues that he "always include[s] . . . a declaration under penalty of perjury . . . when

8

there is a tight or narrow timeframe." (*See* Doc. 58 at 1.) He fails to support this assertion with evidence. Accordingly, the Court's finding that Franklin failed to comply with the prison mailbox rule stands.

He also argued in the April 14, 2025 reply brief (as he does now) that his "time for filing should be triggered from the date he received" the PFRD, which he alleges was February 19, 2025. (*See* Docs. 58 at 2, 4; 59 at 9.) Franklin cites no authority in support of his position, nor could he, because the 14-day period to file objections started running once the PFRD was *served* (i.e., *mailed*), not once Franklin *received* the PFRD. *See, e.g.*, *Schmid v. Williams*, No. 24-1268, 2025 WL 314699, at *1 (10th Cir. Jan. 28, 2025) (noting that "service is complete upon mailing") (citing Fed. R. Civ. P. 5(b)(2)(C)); *Patton v. Sparks*, No. 23-cv-3096 JWB, 2024 WL 3580600, at *1 (D. Kan. July 30, 2024) (finding that "[t]he fourteen days begin to run once service is made") (citing Fed. R. Civ. P. 5(b)). In sum, Franklin's motion to stay (Doc. 52) was not "timely" under the timeframe given for objections.

As outlined below, even if the Court had considered the motion to stay (Doc. 52) or the reply brief (Doc. 58) before issuing its decisions, the outcome would have been the same. In both briefs, Franklin asked the Court to impose a stay while he awaits the return of his legal materials. (*See* Docs. 52 at 2; 58 at 2.) He now contends that it is manifestly unjust to dismiss the Petition without allowing him an indefinite stay. (*See* Doc. 59 at 6–7.) Yet the Court has explained to Franklin that he need not possess the evidence at issue at this stage, he need only show it exists. (*See* Doc. 28 at 3.) To the extent he objected to this finding (*see, e.g.*, Doc. 34), his objection is overruled. He has adequately demonstrated the existence of evidence he believes entitles him to an actual innocence claim, and Judge Fouratt thoroughly explained why that evidence does not entitle him to relief. (*See* Doc. 48 at 28–53.) At no time has Franklin shown good cause for

discovery, because even if the evidence is as helpful to Franklin as he claims it to be, it would not entitle him to relief under an actual innocence theory. *See, e.g., Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (noting that good cause for discovery exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief") (quotation omitted); *see also* Rule 6(a), Rules Governing Section 2254 Cases. In sum, Franklin fails to demonstrate any legal error in Judge Fouratt's analysis, nor does he establish that he must *possess* certain evidence in order to file objections to the PFRD. (*See* Doc. 59.)

Franklin also asserts that on February 14, 2025, prison officials confiscated documents from this case, including the state record and the briefs filed within the last year. (*See* Docs. 52 at 1; 59 at 5.) Yet he has made no effort to outline what he would object to in the PFRD or how the missing materials would assist him in supporting his objections. (*See id.*) Thus, Franklin fails to establish that a stay (or an order requiring officials to return the material) is necessary.

Having considered Franklin's arguments, the Court concludes that he has not established error or prejudice as there has been no change in the law, new evidence, clear error, or manifest injustice. Thus, relief is not warranted under Rule 59(e). Moreover, Franklin fails to point to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Accordingly, relief is not available under Rule 60(b).

## II. The Court denies Franklin's motions for counsel and laptop accommodations.

The Court will also deny Franklin's remaining motions. He asks for counsel "because of his inability to assert his claims due to inaccessibility of his legal material." (*See* Doc. 52 at 1.) As the Court found above, however, he has not shown that his missing legal material would help him lodge objections to the PFRD or support the merits of his claims. His motion for laptop

accommodations (Doc. 63) fails for the same reason. Moreover, the Court agrees with Respondents that his request for a laptop is not cognizable in this action but is more appropriately raised in an action under 42 U.S.C. § 1983. (*See* Doc. 65.)

**IT IS THEREFORE ORDERED** that the Franklin's Second Motion to Reconsider Order Denying Motion to Stay and Extend (Doc. 59), Renewed Motion for Appointment of Counsel (Doc. 62), and Renewed Motion for Legal Accommodations (Doc. 63) are **DENIED**.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE